**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>MIGUEL OSUNA-ALVAREZ,<br>*Defendant-Appellant*. | No. 13-50636<br><br>D.C. No.<br>3:12-cr-04477-LAB-1<br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
May 6, 2015—Pasadena, California

Filed June 10, 2015

Before: John T. Noonan, Kim McLane Wardlaw,
and Mary H. Murguia, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A, in a case in which the defendant contended that because he had permission to use his twin brother's passport, he did not use the passport "without lawful authority," as required by the statute.

The panel rejected that contention and held that § 1028A does not require theft as an element of the offense. The panel held that regardless of whether the means of identification was stolen or obtained with the knowledge and consent of its owner, the illegal use of the means of identification alone violates § 1028.

## COUNSEL

Richard Dale Rome (argued), Law Offices of Richard D. Rome, Van Nuys, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney; Bruce R. Castetter, Chief, Appellate Section, Criminal Division; Randy K. Jones (argued), Peter Ko, and Lara Stingley, Assistant United States Attorneys, San Diego, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

In this opinion, we resolve Miguel Osuna-Alvarez's challenge to his conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A. Osuna-Alvarez ("Osuna") contends that because he had permission to use his twin brother's passport, he therefore did not use the passport "without lawful authority," as required by the statute. *See* 18 U.S.C. § 1028A. As set forth below, we reject this argument. The remaining issues in this appeal are resolved in a contemporaneously filed memorandum disposition.

I.

On October 13, 2012, Osuna was arrested while attempting to enter the United States from Mexico at the Otay Mesa, California Port of Entry. Osuna was the driver and sole occupant of his vehicle. At the border crossing, a canine alerted to the vehicle's dashboard. When questioned, Osuna claimed he was headed for San Ysidro and denied having anything to declare. He presented a United States passport in the name of "Hector Alejandro Osuna-Alvarez."

Following inspection, Customs and Border Protection discovered ten packages containing over three kilograms of methamphetamine and two packages containing over two kilograms of cocaine, hidden inside the vehicle's air-conditioning unit. Osuna was arrested and advised of his *Miranda* rights.

During a post-arrest interview, Osuna again identified himself as Hector Osuna, a United States citizen. When an

agent informed Osuna that his fingerprint search revealed that his claimed identification was false, Osuna admitted that his name was actually Miguel Osuna, that he was a Mexican citizen, and that he was using his twin brother Hector's name and passport to enter the United States.

Later that month, Osuna was charged by indictment with aggravated identity theft, in violation of 18 U.S.C. § 1028A, among other charges not at issue in this opinion. Osuna proceeded to a bench trial. At trial, Osuna's twin brother Hector testified that he had lost his passport several months earlier, and denied knowing how the passport came into Osuna's possession. Hector expressly denied giving Osuna permission to use his passport. However, the court deemed Hector's testimony not credible, and found that Hector was "complicit in turning over the passport" to Osuna.

Following trial, the district court found Osuna guilty.

## II.

Osuna argues that he should not have been convicted of violating 18 U.S.C. § 1028A as a matter of law because he did not steal his twin brother's passport and therefore did not use the passport "without lawful authority." 18 U.S.C. § 1028A. This is a question of statutory interpretation, which we review de novo. *See United States v. Thompson*, 728 F.3d 1011, 1015 (9th Cir. 2013).

## III.

Section 1028A, "Aggravated Identity Theft," provides, in relevant part:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, *without lawful authority*, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). Osuna argues that the phrase "without lawful authority" excludes cases where, as here, the fact finder determined that the defendant used another person's means of identification with the other person's consent or permission. Osuna specifically contends, and the district court agreed, that Osuna had permission to use his brother's passport and, therefore, no violation occurred. Thus, Osuna urges the court to construe literally the section's title, "Aggravated Identity Theft," so as to require actual theft or misappropriation of the means of identification. Our sister circuits have universally rejected this argument. *See United States v. Reynolds*, 710 F.3d 434 (D.C. Cir. 2013); *United States v. Lumbard*, 706 F.3d 716 (6th Cir. 2013); *United States v. Spears*, 697 F.3d 592 (7th Cir. 2012), *vacated*, 729 F.3d 753 (7th Cir. 2013) (en banc); *United States v. Ozuna-Cabrera*, 663 F.3d 496 (1st Cir. 2011); *United States v. Retana*, 641 F.3d 272 (8th Cir. 2011); *United States v. Abdelshafi*, 592 F.3d 602 (4th Cir. 2010); *United States v. Carrion-Brito*, 362 F. App'x 267 (3d Cir. 2010); *United States v. Hurtado*, 508 F.3d 603 (11th Cir. 2007), *abrogated in part on other grounds by Flores-Figueroa v. United States*, 556 U.S. 646 (2009); *United States v. Hines*, 472 F.3d 1038 (8th Cir. 2007). We agree with this authority and now hold that, despite its title, § 1028A does not require theft as an element of the offense.

"[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (quoting *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008)). By its terms, § 1028A explicitly covers a defendant who "uses" a means of identification "without lawful authority." 18 U.S.C. § 1028A(a)(1).   This language clearly and unambiguously encompasses situations like the present, where an individual grants the defendant permission to possess his or her means of identification, but the defendant then proceeds to use the identification unlawfully.   *See Reynolds*, 710 F.3d at 436.   Black's Law Dictionary defines "lawful" as "[n]ot contrary to law," and defines "authority" as "[t]he right or permission to act legally on another's behalf."   Black's Law Dictionary 152 & 965 (9th ed. 2009); *see also Lumbard*, 706 F.3d at 723; *Ozuna-Cabrera*, 663 F.3d at 499.   "Combining these definitions, § 1028A(a)(1) reasonably proscribes the transfer, possession, or use of another person's means of identification, absent the right or permission to act on that person's behalf in a way that is not contrary to the law." *Ozuna-Cabrera*, 663 F.3d at 499.   Thus, regardless of whether the means of identification was stolen or obtained with the knowledge and consent of its owner, the illegal use of the means of identification alone violates § 1028A.   Although the district court found that Hector was complicit in Osuna's use of the passport, Osuna nonetheless made "use" of the passport to falsely identify himself as a United States citizen—hence, he used the passport "without lawful authority."   *See, e.g.*, *Reynolds*, 710 F.3d at 436; *Ozuna-Cabrera*, 663 F.3d at 499.

Because we conclude that the statutory text is unambiguous, consistent with the majority of our sister circuits, we reject Osuna's argument that § 1028A requires

evidence that the defendant stole the means of identification at issue.

**AFFIRMED.**