**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CLIFFORD D. BERCOVICH and HOWARD WEBBER,<br><br>Defendants - Appellees. | No. 14-10319<br><br>D.C. No. 3:13-cr-00662-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

The government appeals from the district court's order dismissing the

aggravated identity counts against Clifford D. Bercovich and Howard Webber

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("appellees").  We have jurisdiction under 18 U.S.C. § 3731 and 28 U.S.C. § 1291, and we reverse and remand.

The district court dismissed the aggravated identity theft counts brought under 18 U.S.C. § 1028A, because the indictment failed to allege that appellees transferred, possessed, or used another person's means of identification without that person's consent.  We later held in *United States v. Osuna-Alvarez*, 788 F.3d 1183 (9th Cir. 2015) (per curiam), that "regardless of whether the means of identification was stolen or obtained with the knowledge and consent of its owner, the illegal use of the means of identification alone violates § 1028A."  *Id.* at 1185-86.  In light of our intervening decision in *Osuna-Alvarez*, we reverse the district court's order dismissing the section 1028A counts, and remand for further proceedings.

**REVERSED and REMANDED.**