**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10569 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00031-AWI-BAM-4 |
| v. | |
| KEITH WOOLRIDGE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted November 17, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

Keith Woolridge appeals his convictions under 18 U.S.C. § 1349 for conspiracy to commit mail fraud, under 18 U.S.C. § 1341 for mail fraud, and under 18 U.S.C. § 1028A for aggravated identity theft. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

**1.** Wooldridge is not entitled to a new trial because a jury-requested readback of certain testimony was held in the jury room, rather than in open court. The district judge offered to conduct the readback in open court, and Woolridge's counsel declined, agreeing instead to the readback in the jury room. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (claim of error waived if defendant induced or caused the error and relinquished a known right).

**2.** Notwithstanding the "general rule" that an admonition is required in connection with a readback, *see United States v. Newhoff*, 627 F.3d 1163, 1168 (9th Cir. 2010), Woolridge has not established that the district court's failure to give one sua sponte was plain error affecting his substantial rights. The testimony read back to the jury was corroborated by a key government witness, and supported by documentary evidence. *See id.* at 1169 (failure to admonish did not affect defendant's substantial rights because several witnesses corroborated the testimony that was read back). The testimony was read back by the court reporter in its entirety and without interruption. *Cf. United States v. Richard*, 504 F.3d 1109, 1114–15 (9th Cir. 2007) (finding error when readback included only incriminating portions of relevant testimony).

**3.** The evidence was sufficient to support the conspiracy conviction under 18 U.S.C. § 1349. "'Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the

conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy.'" *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001) (quoting *United States v. Dunn*, 564 F.2d 348, 357 (9th Cir. 1977)) (alterations omitted). Woolridge allowed his sister, a co-conspirator, to enroll him in online college courses, and fraudulently received over $2,000 in federal aid. There was sufficient evidence for a rational juror to conclude that Woolridge knew that submission of his application was part of a larger scheme to defraud, and he participated in that scheme by sending personal identification information of several individuals to his sister so that they could be enrolled in online courses for similar fraudulent purposes.

**4.** The evidence was also sufficient to support Wooldridge's convictions for mail fraud under 18 U.S.C. § 1341. "[A] conspirator may properly be found vicariously liable for any substantive offense committed by a co-conspirator, as long as the offense was committed during the course of and in furtherance of the conspiracy." *United States v. Stapleton*, 293 F.3d 1111, 1119 n.4 (9th Cir. 2002) (citing *Pinkerton v. United States*, 328 U.S. 640, 645–47 (1946)). The acts of mail fraud committed by other co-conspirators were reasonably foreseeable to Woolridge.

**5.** There was also sufficient evidence to support the conviction for violating 18 U.S.C. § 1028A, the aggravated identity theft statute. The evidence was sufficient to establish the predicate crime of conspiracy to commit mail fraud, and a

3

rational juror could conclude that Woolridge knew he had obtained personal identification information of a real person. *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1101 (9th Cir. 2010) (noting the evidence that the defendant knew the victim was real will often be circumstantial). There was also substantial evidence that Woolridge was aware that the victim's information would be used absent the right to lawfully act on her behalf. *See United States v. Osuna-Alvarez*, 788 F.3d 1183, 1186 (9th Cir. 2015) (holding that "the illegal use of the means of identification alone violates § 1028A"). A rational juror could also find that Woolridge aided and abetted the illegal use of another's information by transferring the information to his sister, knowing and intending that it would be used to enroll that person in an online university in order to fraudulently obtain financial aid.

**AFFIRMED.**