NOT FOR PUBLICATION

FILED

DEC 9 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50032, 14-50071 |
| Plaintiff-Appellee, | DC Nos. 2:13-cr-00102-ABC-1 |
| v. | & 5:07-cr-00042-VAP-1 |
| JOSE ROLANDO RENDEROS, aka<br>Eduardo Rodriguez | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before:    PREGERSON, CALLAHAN, Circuit Judges and BASTIAN, District
Judge.**

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**    The Honorable Stanley Allen Bastian, District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

Jose Rolando Renderos appeals his convictions on seven counts of access device fraud, one count of trafficking in counterfeit goods, and one count of aggravated identity theft. He contends evidence used at trial was obtained in violation of the Fourth Amendment and that a faulty jury instruction deprived him of his due process right to a fair trial. He also appeals a supervised release revocation premised on these instant convictions. We affirm.

Whether a jury instruction was an accurate statement of law is reviewed de novo. *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). This Court reviews the denial of a motion to suppress de novo, while reviewing the district court's underlying factual findings for clear error. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). A district court's decision to revoke a term of supervised release is reviewed for abuse of discretion. *United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011).

## I.      Jury Instruction

Defendant appeals his conviction for one count of aggravated identity theft under 18 U.S.C. § 1028A. This conviction carries a mandatory twenty-four-month sentence to run consecutive to any other sentence. Defendant argued that the court provided jurors with a faulty jury instruction because the instruction did not require the jury to find he used another person's identity without that person's permission.

After briefing was completed, this Court decided *United States v. Osuna-Alvarez*, which is controlling here. 788 F.3d 1183 (9th Cir. 2015). In *Osuna-Alvarez*, we held that "despite its title, § 1028A does not require theft as an element of the offense." *Id*. at 1185. Accordingly, the district court's jury instruction concerning § 1028A was an accurate statement of the law.

## II. Search of the Storage Unit

Defendant also challenges evidence admitted at trial that was found during a search of a storage unit. The search was conducted pursuant to a search warrant obtained—in part—based on evidence viewed through an opening from an empty adjacent unit and a shared hallway. An individual tenant does not have a legitimate reasonable expectation of privacy in a hallway shared by many others, even if the hallway is secured with locks or key-codes. *United States v. Nohara*, 3 F.3d 1239, 1241-42 (9th Cir. 1993) (holding that a tenant does not have an objective reasonable expectation of privacy in a shared hallway of a secure apartment building). Investigators were lawfully in the hallway and empty unit with the storage facility's permission. Accordingly, the investigators' observation of materials within Defendant's storage unit from the adjacent unit and hallway did not require a warrant because the items were in plain view. *Horton v. California*,

496 U.S. 128, 134-37 (1990); *United States v. Stafford*, 416 F.3d 1068, 1076 (9th Cir. 2005). Thus, the evidence from Defendant's storage unit was properly admitted at trial.

### III. Search of the Silver Van

Defendant also appeals the denial of his motion to suppress the evidence seized from the silver van he was driving. Defendant maintains the search of the van was not pursuant to the anticipatory warrant and that no exception to the warrant requirement applied. The district court was correct in determining that the warrant was executed properly.

Defendant argues the anticipatory warrant strictly limited any search to the location where the package was first opened and the agents did not know where the package was actually first opened.

The anticipatory warrant's triggering clause states:

> The triggering event to activate this anticipatory search warrant and permit its execution is once the beeper device alert [sic] agents, or the agents otherwise determine, that the SUBJECT PACKAGE has been opened (whether at the ADDRESSEE PREMISES or at another location), at that point and with the warrant sought by this affidavit, agents will execute this warrant and enter the relevant SUBJECT DELIVERY LOCATION to search for and seize the SUBJECT PACKAGE and the other items . . . .

4

In turn, the Subject Delivery Location is "strictly limited to the location in which the triggering event occurs . . . ." Because the triggering event occurs either when the package was actually opened, or when agents otherwise determine the package has been opened, the Subject Delivery Location may not necessarily be the location the package was initially opened. In its order denying the motion to suppress, the district court found that an agent determined the package was opened when he looked through the window of the silver van. This finding may only be reversed upon a showing of clear error—a showing Defendant has not made. Instead, Defendant continues to rely on his facially incorrect reading of the anticipatory warrant. Accordingly, the triggering clause was met and agents had lawful authority to conduct a search of the van pursuant to the warrant. Thus, Defendant's motion to suppress was properly denied and evidence obtained from the van was properly admitted.

### IV.    Supervised Release Violation

Because we affirm Defendant's underlying convictions, we also affirm the corresponding revocation of supervised release based on the convictions.

**AFFIRMED.**