NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10515 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01577-JAT-1 |
| v. | |
| LATOYA NIVEA MOREHEAD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 12, 2017[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Erickson, United States District Judge for the
District of North Dakota, sitting by designation.

Latoya Morehead appeals from the judgment following her jury conviction and sentence on five counts of wire fraud, two counts of making false statements on tax returns, twenty-four counts of assisting others in making false statements on tax returns, and three counts of aggravated identity theft. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not plainly err by failing to read the indictment aloud or by failing to provide a copy to the jury. To begin, Morehead waived these objections. *United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015) (describing doctrine of invited error). At the pre-trial conference, the judge said "if someone requests it," he "always" agrees to read the indictment to the jury. In response, Morehead's counsel failed to make that request, and even affirmatively *declined* to have the indictment read aloud. As to submission of the indictment, Morehead invited any error by failing to make the request after the judge said he was amenable to sending the indictment to the jury room. She also relinquished her known rights by assenting to the government's use of charts that summarized the indictment.

Even if these arguments were not waived, the jury was well apprised of the facts underlying each count of the indictment. During trial, the government

2

admitted a chart listing each count of the indictment, specifying the factual basis for each count, and listing the trial exhibits relevant to each count. The parties also jointly proposed and submitted to the jury a verdict form specifying the precise details underlying each count of the indictment.

2. The district court's admission of non-charged instances of tax fraud did not constructively amend the indictment. We have held that "when conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, we need some way of assuring that the jury convicted the defendant based solely on the conduct actually charged in the indictment." *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014). Here, as explained above, the jury had the means to distinguish non-charged instances of fraud from the incidents charged in the indictment.

3. The jury instruction on aggravated identity theft did not result in plain error. The district court employed the Ninth Circuit's model jury instruction regarding aggravated identity theft. Our recent decision in *United States v. Osuna-Alvarez*, 788 F.3d 1183 (9th Cir. 2015), did not render this instruction erroneous. Instead, *Osuna-Alvarez* merely explained that even if a defendant obtains the means of

3

identification lawfully, he can still be convicted so long as he *uses* the means of identification unlawfully. *Id.* at 1185–86. Next, Morehead insists the prosecutor made a misleading statement during closing argument. Even if she did, the remark did not result in plain error. *United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir. 2000) (stating an error prejudices substantial rights of a defendant when it affects the outcome of the proceedings).

4. The mandatory sentencing provisions in the aggravated identity theft statute do not violate the separation of powers. Congress "has the power to define criminal punishments without giving the courts *any* sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991) (emphasis added). Consistent with that principle, we have in other cases rejected Morehead's argument with respect to several sentencing provisions. *See, e.g.*, *United States v. Chaidez*, 916 F.2d 563, 565 (9th Cir. 1990) (finding the mandatory minimum sentence required by 18 U.S.C. § 924(c)(1) does not violate the separation of powers). Morehead gives us no persuasive reason to reconsider our precedents.

**AFFIRMED**