NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>ELSEDDIG ELMARIOUD MUSA,<br><br>       Defendant-Appellant. | No.   17-10174<br><br>D.C. No.<br>2:15-cr-01265-DLR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 12, 2018**
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and LEMELLE,*** Senior
District Judge.

Elseddig Musa appeals his convictions and sentence for health care fraud

and aggravated identity theft in violation of 18 U.S.C. §§ 1349 and 1028A. We

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

     ***      The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We affirm Musa's convictions, vacate his sentence, and remand for resentencing.

Musa operated a company that provided non-emergency medical transportation for members of Arizona's Medicaid program, the Arizona Health Care Cost Containment System (AHCCCS). When Musa's company provided transportation to an AHCCCS member, Musa submitted a reimbursement claim containing the member's AHCCCS identification number. After August 2013, Musa was also required to submit a standardized trip form with each claim.

An AHCCCS audit revealed that Musa had submitted a large number of "unmatched" claims. A claim is "unmatched" if there is no corresponding claim for a medical service, such as a doctor's appointment, for the member on the day of transportation. Musa was ultimately indicted on 35 counts of health care fraud for submitting claims for "medical transports that never occurred" and four counts of aggravated identity theft for using AHCCCS identification numbers in the commission of health care fraud.

**1.** The district court did not plainly err in denying Musa's motion for acquittal. Musa argues that the Government offered insufficient evidence of his knowing fraud against AHCCCS. The evidence showed that Musa had no documentation for the 35 reimbursement claims charged in the indictment, could point to no evidence these claims were legitimate, conceded he submitted claims

2

for more transports than his company could have provided, and the volume of Musa's claims fell after AHCCCS required more stringent documentation. Musa also testified that he knowingly submitted inaccurate claims.

Viewing this evidence in the light most favorable to the prosecution, *see United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc), a rational trier of fact could reasonably infer that Musa knowingly defrauded AHCCCS, *see United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). Because there was sufficient evidence that Musa used AHCCCS identification numbers to commit health care fraud, there was also sufficient evidence that Musa used the identification numbers without lawful authority. *See United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185-86 (9th Cir. 2015) (per curiam).

**2.** The district court did not abuse its discretion in denying Musa's motion for a new trial. The district court heard the evidence and evaluated the credibility of the witnesses who testified (including Musa himself). The record supports the district court's conclusion; this is not "an exceptional case in which the evidence weighs heavily against the verdict." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985).

**3.** We do not address Musa's ineffective assistance of counsel claim because the record is not sufficiently developed for direct review. *See United*

*States v. Moreland*, 622 F.3d 1147, 1157-58 (9th Cir. 2010).

**4.** In sentencing, the district court calculated a $1.2 million loss was caused by Musa's crimes, based on Government data regarding the value of over 15,000 "unmatched" claims. Musa objected and argued that not all "unmatched" claims were necessarily fraudulent. A district court "need only make a reasonable estimate of the loss based on the available information." *United States v. Walter-Eze*, 869 F.3d 891, 912 (9th Cir. 2017) (internal quotation marks omitted). But, while a "district court can certainly rely on a government estimate," the court has an "obligation to ensure the information underlying the estimate possesses sufficient indicia of reliability to support its probable accuracy." *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999) (internal quotation marks omitted).

Trial testimony supports Musa's argument that "unmatched" claims are not always fraudulent, as the Government acknowledges in its briefing on appeal. Musa's argument also finds support in the Government's data for trips after August 2013, which appear to show "unmatched" claims even when Musa included required documentation and when the number of claims was generally consistent with Musa's trip reports and daily schedules.

In light of this evidence, the record does not adequately demonstrate that relying entirely on the amount of "unmatched claims" was a sufficiently reliable

method of estimating loss. *See Garcia-Sanchez*, 189 F.3d at 1148-50; *United States v. Chase*, 499 F.3d 1061, 1070-71 (9th Cir. 2007). We remand for the district court to determine whether review of the trip reports and daily schedules is a more accurate method of calculating loss; if the court concludes that it is not, it may again base the loss calculation on the value of unmatched claims. *See United States v. Scrivener*, 189 F.3d 944, 949-50 (9th Cir. 1999); *see also* U.S.S.G. § 2B1.1 cmt. n.3(C). On remand, the district court must find the loss by clear and convincing evidence if the loss has a disproportionate effect on Musa's sentence. *See United States v. Hymas*, 780 F.3d 1285, 1289-93 (9th Cir. 2015). The loss should not be reduced by the value of forfeited property because forfeiture was ordered after Musa's fraud was discovered. *See United States v. Stoddard*, 150 F.3d 1140, 1146 (9th Cir. 1998); *see also* U.S.S.G. § 2B1.1 cmt. n.3(E)(i).

**Convictions AFFIRMED, sentence VACATED, REMANDED.**