NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50158 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00047-CAS-1 |
| v. | |
| GASTON BROWN, AKA Kevin Brown, AKA J.B., AKA M.W., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 11, 2024
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and BATTAGLIA,** District Judge.

Gaston Brown ("Brown") appeals his convictions and sentence after a jury trial.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Brown was indicted on five counts of drug, credit card fraud, and identity theft offenses for conspiring with a flight attendant to smuggle drugs between airports and using another person's identity to carry out the crimes. At trial, the government presented testimony from Marsha Reynolds ("Reynolds"), a flight attendant with whom Brown coordinated to bring suitcases containing his contraband through airport security, as well as evidence that Brown obtained and used a credit card in someone else's name to pay for the flights associated. The jury found Brown guilty on all five counts, and the district court sentenced him to a total of 165 months of imprisonment.

First, Brown challenges his conviction under 18 U.S.C. § 1029(a)(1) for access device fraud based on instructional error and ineffective assistance of counsel. He argues that the jury instructions erroneously instructed the jurors on the intent element of access device fraud because it defined intent to defraud as "intent to deceive *or* cheat," rather than "intent to deceive *and* cheat." Brown relatedly argues that his trial counsel was constitutionally ineffective for failing to object to the erroneous instruction.

As to the instructional error challenge, because Brown did not object to the district court's jury instructions, his challenge is subject to plain error review. *See United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006). Brown must therefore show that there was "(1) error, (2) that is plain, and (3) that affects

2

substantial rights." *United States v. Bautista*, 989 F.3d 698, 701-02 (9th Cir. 2021) (citation omitted). If these three elements are met, we have discretion to correct the forfeited error. *United States v. Olano*, 507 U.S. 725, 732 (1993) (citing Fed. R. Crim. P. 52(b)).

Here, the first and second elements are met. The government concedes that in light of *United States v. Saini*, 23 F.4th 1155 (9th Cir. 2022), the district court's "intent to defraud" instruction was erroneous and that the error is plain. As for the third element, Brown bears the burden of showing that the error "affects substantial rights," which means "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734.

Notably, at oral argument, Brown abandoned his challenge to the sufficiency of the evidence to prove an intent to deceive and cheat, and instead, argued solely that we must exercise our discretion to correct the error because Brown was denied his constitutional right to have all elements of § 1029(a)(1) submitted to the jury. As Brown abandoned his argument that there was a lack of sufficient evidence to prove an intent to deceive and cheat at trial, he has failed to show that the district court's instructional error "must have been prejudicial." *Olano*, 507 U.S. at 734. We therefore hold that Brown has not shown that his substantial rights were violated.

In addition, we do not find that this case warrants an exercise of discretion to correct the error. "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (cleaned up). Such circumstances are not present here.

"[A]n instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 9 (1999). And as previously discussed, Brown effectively conceded there was sufficient evidence from which a jury could find an intent to defraud. Moreover, where, as here, the defendant has not shown that the error was prejudicial, we generally cannot correct the forfeited error. *See Olano*, 507 U.S. at 734 ("In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial."). We find no reason to depart from the general rule here.

As to Brown's ineffective assistance of counsel claim, we decline to address it because it is procedurally defective. "Ineffective assistance challenges are generally brought by collateral attack on the conviction. This court usually declines to reach ineffectiveness challenges on direct appeal, because the claim

4

cannot be advanced without development of facts outside the record." *United States v. Velte*, 331 F.3d 673, 681 (9th Cir. 2003) (internal citation omitted).

We also hold that the claim is without merit because the intent to deceive instruction was not erroneous at the time of the trial. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (explaining that a court must assess attorney performance without "the distorting effects of hindsight" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, Brown challenges his aggravated identity theft conviction under 18 U.S.C. § 1028A(a)(1), arguing that the Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023) establishes that the jury instructions given were erroneous. Brown argues that the district court incorrectly told the jurors that the government need not prove the identity possessed was stolen, and failed to instruct that the identity must have been at the "crux" of the access device fraud charged as the predicate offense.[1] Because Brown did not object to the jury instructions below, we review for plain error. *See Alferahin*, 433 F.3d at 1154.

*Dubin v. United States* did not overrule our cases holding a person could be

---

[1] Brown also challenged the sufficiency of the evidence as to his aggravated identity theft conviction, but because his challenge simply reiterated those raised and subsequently abandoned at oral argument with respect to his access device fraud conviction, it fails for the same reasons discussed above.

5

liable for identity theft without having stolen the identity. *See United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185–86 (9th Cir. 2015) (per curiam). *Dubin* did not expressly address "without lawful authority." *See* 599 U.S. at 128 n.8 ("The Court need not, and does not, reach the proper interpretation of 'without lawful authority.'"). Therefore, the reasoning of *Osuna-Alvarez* is not "clearly irreconcilable" with the reasoning of *Dubin*, *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003), and we remain bound by *Osuna-Alvarez*'s holding that "§ 1028A does not require theft as an element of the offense." 788 F.3d at 1185. Further, where, as here, the predicate offense is based on the possession theory of identity theft, the district court did not need to provide a *Dubin* instruction (i.e., that Brown's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal). Therefore, there was no error, let alone plain error.

Third, Brown argues that his drug-related convictions should be vacated because the government's summation and testimony of the cooperating witness, when combined with the jury instructions, undermined the requisite mens rea. Because Brown did not raise the issue before the district court, we review it for plain error. *See Olano*, 507 U.S. at 732.

Brown argues "Reynold's testimony about 'facilitation' blurred the requisite mens rea required to convict for the substantive and conspiratorial drug offenses

under §§ 841 and 846." Reynolds testified she believed the suitcases she transported only contained money, and not drugs, but that she "assumed it was drug money." She further testified she was arrested "for conspiracy for facilitating . . . drugs, but at the time, [her] knowledge was of money, not of drugs." She eventually pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine. Brown asserts Reynolds "did not state that she *knew* she was transporting *drug* money," and thus this testimony, combined with the government's closing arguments, "left the jury with the impression that moving money to help a conspiracy is sufficient rather than making it clear that a defendant must know that he or she is helping a *drug* conspiracy."

Brown's argument, however, is belied by the record. When asked on direct examination whether she had "any understanding of where the defendant got these large amounts of money[,]" Reynolds responded that she "assumed it was drug money." She stated the basis of her assumption was that she never knew Brown to have a job or own a business, and he made statements that led her to believe that he was dealing drugs.

Moreover, we have previously explained, "[t]here is no dispute that where a defendant knowingly facilitates movement of money derived from narcotics . . . for narcotics traffickers, [s]he can be found guilty of a conspiracy to aid and abet narcotics trafficking." *United States v. Cuevas*, 847 F.2d 1417, 1422 (9th Cir.

7

1988); *United States v. Otis*, 127 F.3d 829, 834 (9th Cir. 1997) (per curiam) (relying on *Cuevas* and holding that a conspiracy to launder money can also be aiding and abetting a conspiracy to sell narcotics). Thus, we find no plain error here. Similarly, the district court, relying on Reynolds' testimony, did not err by omitting a deliberate-ignorance instruction, nor did it mislead the jury by "blurr[ing] the requisite mens rea required to convict for the substantive and conspiratorial drug offenses under §§ 841 and 846."

Next, Brown asserts it was improper for the prosecutor to mention Reynolds' guilty plea, other than in relation to her credibility. There was no plain error because the government "did no more than elicit the fact that guilty pleas were entered" so that the jury could assess her credibility. *United States v. Halbert*, 640 F.2d 1000, 1005 (9th Cir. 1981) (per curiam). Specifically, the government briefly asked whether Reynolds was "testifying in the hopes of receiving a lighter sentence" and again mentioned Reynolds' guilty plea during its closing rebuttal to buttress her credibility. Further, the district court gave clear instructions to the jury that evidence of Reynolds' guilty plea could only be used to assess her credibility by stating:

> This guilty plea is not evidence against the witness and you may consider it only in determining this witness's believability. For these reasons, in evaluating the testimony of Marsha-Gay Reynolds, you should consider the extent to which or whether her testimony may have been influenced by these factors. In addition, you should

8

examine the testimony of Marsha-Gay Reynolds with greater caution than that of other witnesses.

Therefore, the district court did not commit plain error.

Finally, Brown asserts that although the mens rea for the underlying § 841 offense (possession with intent to distribute and to distribute cocaine) is a required element to sustain a § 846 (conspiracy to possess with intent to distribute and to distribute cocaine) conviction, the jury instructions for the drug conspiracy failed to include as a distinct element that Brown had the necessary mens rea for the underlying offense. Brown further argues that the jury was given a *Pinkerton v. United States*, 328 U.S. 640 (1946) instruction, and therefore, the conviction on the substantive § 841 offense did not independently establish the requisite mens rea because the jury only had to find that Brown could reasonably foresee the substantive drug offense.

The district court did not err. The district court's jury instructions for conspiracy explicitly required the government to prove beyond a reasonable doubt (1) "an agreement between two or more persons to distribute cocaine, or to possess *with intent* to distribute cocaine[,]"—the mens rea necessary for a violation of § 841(a)—and (2) Brown "joined in the agreement *knowing* of its purpose and *intending* to help accomplish that purpose." Moreover, because, as discussed above, neither Reynolds' testimony nor the government's arguments were improper, there was no plain error.

9

As for his conviction under 18 U.S.C. § 1028(a)(7), Brown argues the jury instructions stated the jury could find him guilty if his conduct was in connection with "facilitat[ing] a drug trafficking crime," but that "there was no legal basis for such a 'facilitation' offense." The district court's jury instruction stated, in relevant part, that the government must prove that Brown knowingly used the identification of another person "with the intent to commit, to aid and abet the commission of, or in connection with the commission of, conspiracy to possess with intent to distribute cocaine *and to facilitate a drug trafficking crime*[.]"

We find no error in the inclusion of the jury instruction because § 1028(a) plainly states it is a violation to use the identification of another person "with the intent to commit, or to aid or abet, or in connection with, any unlawful activity[,]" and the inclusion of the term "facilitate" merely parrots these requirements of aiding an unlawful activity. Moreover, while the term "facilitate" appears in subsection (b), which describes the punishment for an offense under subsection (a), the Court is unaware of any case law, and Brown offers none, that inclusion of terminology from subsection (b) is improper for jury instructions for a violation of § 1028.

**AFFIRMED.**