14-1348-cv(L)
*United States v. Naranjo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand sixteen.

PRESENT:   CHESTER J. STRAUB,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                                                    14-1348-cr(L),
                                                                                    14-1406-cr(CON),
LUPERIO NARANJO, SR., JOVER NARANJO,             14-2503-cr(CON)
                    *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          ANDREW BEATY, Margaret Garnett, Assistant
                                                    United States Attorneys, *for* Preet Bharara,
                                                    United States Attorney for the Southern
                                                    District of New York, New York, New York.

FOR DEFENDANT-APPELLANT          JOHN BURKE, Law Office of John Burke,
LUPERIO NARANJO, SR.:            Brooklyn, New York.

FOR DEFENDANT-APPELLANT          LLOYD EPSTEIN, Epstein & Weil, LLC, New
JOVER NARANJO:                   York, New York.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial in the district court, defendants-appellants Luperio Naranjo, Sr., and Jover Naranjo were convicted of conspiracy to commit mail fraud, mail fraud, conspiracy to commit witness tampering, witness tampering, and aggravated identity theft, in violation of 18 U.S.C. §§ 1349, 1341, 1512(k), 1512(b), and 1028A(a)(1), respectively. Jover Naranjo was also convicted of making false statements to the government, in violation of 18 U.S.C. § 1001. Luperio Naranjo, Sr., appeals a judgment entered April 23, 2014, sentencing him principally to 48 months' imprisonment. Jover Naranjo appeals a judgment sentencing him principally to 72 months' imprisonment, entered the same day. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Defendants principally argue that they did not commit aggravated identity theft under 18 U.S.C. § 1028A and their convictions should be reversed because the government failed to prove that 1) they used another person's identity by

pretending to be that person or received benefits otherwise intended for that person, and 2) they used another person's identity without that individual's consent to the unlawful use. "[W]hile cast in terms of a challenge to the sufficiency of the evidence," this argument "is in essence a claim that the District Court erred by failing to instruct the jury" that the government was required to prove additional elements. *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004).

Titled "Aggravated identity theft," 18 U.S.C. § 1028A provides as follows:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

Subsection (c) includes mail fraud as a predicate offense. 18 U.S.C. § 1028A(c)(5).

Defendants ran a demolition company that systematically underpaid its workers -- primarily undocumented immigrants -- in violation of federal law. Their scheme to avoid detection involved filing false payroll documents that used the names of friends and family members instead of the workers' real names. The district court instructed the jury that, to find defendants guilty under § 1028A, the government had to prove that they "used, transferred or possessed the means of identification in connection" with the substantive offense, and that defendants acted "without lawful authority," that is, used the identification "without the consent or knowledge of the person" or used "the identification in furtherance of a crime even with the person's

consent."  SJA 227.  Defendants did not object to this instruction, nor did they argue

that their conduct was not covered by the statute or that it was ambiguous.

The government contends, and we agree, that defendants failed to

preserve this error for review by not objecting to the jury instructions or otherwise

challenging the applicability of the statute.  Therefore, we review for plain error.  *See*

*United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013).  "For plain error, we must find (1)

error, (2) that is plain, and (3) that affects substantial rights; if these three conditions are

met, we have discretion to notice the forfeited error only if (4) the error seriously affects

the fairness, integrity, or public reputation of judicial proceedings."  *United States v.*

*Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010).

For an error to be "plain" it must be "clear or obvious, rather than subject

to reasonable dispute."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  An error is not

clear or obvious "in the absence of binding precedent, where there is a genuine dispute

among the other circuits."  *Whab*, 355 F.3d at 158.[1]

In this circuit, there is no binding precedent governing the issue of how

§ 1028A should be interpreted, or whether the government is required to prove that the

individuals did not consent to the unlawful use of their identities.  The majority of other

circuits that have considered the questions raised by defendants have adopted the

---

[1]     Contrary to defendants' contention, *United States v. Draper*, 553 F.3d 174 (2d Cir. 2009), does not suggest otherwise.  In *Draper*, we recognized plain error where the jury instructions "failed to set out what the statute *and this Circuit's case law* clearly require the government to also prove."  *Id.* at 180-81 (emphasis added).

- 4 -

government's interpretation.[2] Only the Sixth and Seventh Circuits have held -- on different grounds -- that § 1028A is ambiguous when applied to similar conduct. *United States v. Miller*, 734 F.3d 530, 542 (6th Cir. 2013); *United States v. Spears*, 729 F.3d 753, 757-58 (7th Cir. 2013) (*en banc*).

While in the rare case we may find plain error "where this circuit has not previously spoken on an issue and there is no discernible consensus among other circuits," *United States v. Brown*, 352 F.3d 654, 665 n.10 (2d Cir. 2003), such circumstances are not present here. Because the majority of other circuits have concluded that § 1028A unambiguously includes the conduct at issue here, we cannot say that that any error was "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *Brown*, 352 F.3d at 664-665 (quoting *United States v. Gore*, 154 F.3d 34, 42-43 (2d Cir. 1998)). The district court's decision to instruct the jury in a way that conforms with most circuits' interpretation of the statute was not plainly erroneous.

Therefore, without reaching the merits of whether the district court erred in its instructions, we affirm because the error -- if there was one -- was not "clear or

---

[2] *See United States v. Osuna-Alvarez*, 788 F.3d 1183, 1185 (9th Cir. 2015), *cert. denied* 136 S. Ct. 283 (Oct. 5, 2015); *United States v. Reynolds*, 710 F.3d 434, 436 (D.C. Cir. 2013); *United States v. Lumbard*, 706 F.3d 716, 725 (6th Cir. 2013); *United States v. Ozuna-Cabrera*, 663 F.3d 496, 498-99 (1st Cir. 2011); *United States v. Retana*, 641 F.3d 272, 274 (8th Cir. 2011); *United States v. Abdelshafi*, 592 F.3d 602, 605-07 (4th Cir. 2010); *United States v. Hurtado*, 508 F.3d 603, 607 (11th Cir. 2007) *abrogated on other grounds by Flores-Figueroa v. United States*, 556 U.S. 646 (2009); *see also United States v. Carrion-Brito*, 362 F. App'x 267, 273 (3d Cir. 2010).

obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135; *see also*

*Whab*, 355 F.3d at 158; *Brown*, 352 F.3d at 664-65.

We have considered all of defendants' additional arguments and find

them to be without merit.  For the reasons stated herein, the judgment of the district

court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk