NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020
Decided March 30, 2020

**Before**

DAVID H. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2460

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-10042 |
| ELEEN ARBOINE, <br> *Defendant-Appellant.* | James E. Shadid, <br> *Judge.* |

**O R D E R**

In 2016, Eleen Arboine obtained a passport using the maiden name, birthdate, and social security number of one of her friends. Over the next year, she used that passport to obtain several small loans until she was caught and charged with identity theft in state court. But, while that prosecution was pending, Arboine used the passport to obtain yet another loan. She was then charged separately with federal offenses: aggravated identity theft, 18 U.S.C. § 1028A(a)(1), and unlawfully obtaining and using a passport, *id*. § 1542. Without a plea agreement, Arboine pleaded guilty to aggravated identity theft and was sentenced to two years in prison and one year of supervised release. Arboine now appeals from that final judgment. Her lawyer, however, moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Arboine did not respond to the motion. *See* CIR. R. 51(b). Counsel's brief

explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to those issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first informs us that he discussed with Arboine the risks and benefits of a challenge to her guilty plea, and she told him that she does not want to challenge her plea on appeal. Thus, counsel was correct to forgo any discussion of the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers whether Arboine could challenge her sentence, but correctly concludes that any challenge would be frivolous. The sentencing guidelines state that "[i]f the defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute." U.S.S.G. § 2B1.6(a). And, under the statute, the penalty for her offense is a mandatory term of two years in prison. 18 U.S.C. § 1028A(a)(1); *United States v. Spears*, 729 F.3d 753, 754–55 (7th Cir. 2013). So, it would be pointless to argue that the district court procedurally erred in calculating the guideline sentence as two years.

Counsel also considers whether Arboine could challenge her sentence as substantively unreasonable but properly concludes that she could not. Arboine's guideline sentence is presumptively reasonable, and she can rebut the presumption only by showing that the sentence is unreasonably high in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Griffith*, 913 F.3d 683, 689 (7th Cir. 2019). But in this case, the district court had no discretion to impose a sentence below the term mandated by statute based on the § 3553(a) factors. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009). Therefore, the presumption cannot be rebutted. Further, the lack of discretion means that the district court's failure to discuss the factors at the sentencing hearing was not erroneous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.