[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13427
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00221-RBD-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME TOVAR-MONTOYA,
a.k.a. Jaime Albeiro Montoya,
a.k.a. Jaime Albeiro Tovar Montoya,
a.k.a. Jaime Albeiro Tobar Montoya,
a.k.a. Rober Stevens,
a.k.a. Jimmy Tobar Diaz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jaime Tovar-Montoya appeals his jury convictions for two counts of falsely representing himself as a United States citizen, in violation of 18 U.S.C. § 911; one count of making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). He argues that the evidence offered at his trial was insufficient to support his convictions. After a thorough review of the record and careful consideration of the parties' briefs, we affirm.

## I.    STANDARD OF REVIEW

We review de novo whether the evidence was sufficient to sustain a criminal conviction, "viewing the evidence in the light most favorable to the [G]overnment, and drawing all reasonable factual inferences in favor of the jury's verdict." *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence is sufficient "if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011) (internal quotation marks omitted). Thus, "it is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably

could have found guilt beyond a reasonable doubt." *Jiminez*, 564 F.3d at 1285 (internal quotation marks omitted).

## II.    DISCUSSION

To sustain Tovar-Montoya's convictions under 18 U.S.C. §§ 911, 1542, and 1028A(a)(1), respectively, the evidence must have been sufficient to allow a reasonable jury to find that Tovar-Montoya: (1) twice "falsely and willfully represent[ed] himself to be a [U.S.] citizen"; (2) "willfully and knowingly [made a] . . . false statement in an application for a [U.S.] passport with intent to induce . . . the issuance of a passport"; and (3) on two occasions, "during and in relation to any felony enumerated in [18 U.S.C. § 1028A(c)], knowingly . . . use[d], without lawful authority, a means of identification of another person." *See* 18 U.S.C. §§ 911, 1542, 1028A(a)(1).  Enumerated felonies in § 1028A(c) include falsely representing oneself as a U.S. citizen and making a false statement in a U.S. passport application.  *See* 18 U.S.C. §§ 1028A(c)(2), (c)(7).

At trial, the Government argued that Tovar-Montoya used the birth certificate of a U.S. citizen, O.C., to obtain a State of Florida identification card in O.C.'s name.  The Government also claimed that Tovar-Montoya applied for a U.S. passport using the identification card, O.C.'s social security number, and O.C.'s date of birth.  All of Tovar-Montoya's convictions were based on his

3

improper use of O.C.'s personal information in obtaining the identification card and applying for the passport.

On appeal, Tovar-Montoya asserts that the evidence offered at trial was insufficient to support any of his convictions because it did not show that he was the person who obtained the identification card and applied for the passport. He also specifically challenges his identity theft convictions. He claims that the evidence was insufficient to prove (1) that he used O.C.'s information without lawful authority, (2) that O.C. was a real person, or (3) that he knew O.C. was a real person. We address each argument in turn.

**A. Sufficiency Challenge to All Convictions**

Taking the evidence in the light most favorable to the Government, "a reasonable trier of fact" could find that Tovar-Montoya was the person who obtained the Florida identification card and applied for the U.S. passport. *See Jiminez*, 564 F.3d at 1284–85 (internal quotation mark omitted). Tovar-Montoya was pictured on the identification card, indicating that he went to the Florida office that distributes identification cards, applied for the card, and had his picture taken for the card. In addition, the identification card and a photograph of Tovar-Montoya were submitted with the passport application, and the passport agent who processed the application testified that every time an individual applies for a passport she visually verifies that the individual is the same person pictured in the

4

documents accompanying the application.  Based on this evidence, a reasonable jury could have found that the person who applied for the passport was the same person pictured on the identification card and the submitted photograph—Tovar-Montoya.

## B. Specific Sufficiency Challenges to Identity Theft Convictions

Each of Tovar-Montoya's specific challenges to his identity theft convictions also fails.  First, the evidence was sufficient to prove that he used O.C.'s identity "without lawful authority."  *See* 18 U.S.C. § 1028A(a)(1).  Lack of lawful authority can be established by showing (1) that the defendant did not have permission to use the victim's identity or (2) that the defendant used the victim's means of identification for an unlawful purpose.  *See United States v. Zitron*, 810 F.3d 1253, 1260 (11th Cir. 2016) (per curiam).  The evidence supports a finding that Tovar-Montoya used O.C.'s identity for an unlawful purpose.  We must uphold Tovar-Montoya's convictions for falsely representing himself to be a U.S. citizen and making a false statement in a U.S. passport application.[1]  And, the evidence shows that Tovar-Montoya used a means of identification belonging to O.C.—his date of birth and social security number—in committing those offenses. *See Doe*, 661 F.3d at 561.  Therefore, based on the evidence put forth at trial, "a

---

[1] Tovar-Montoya solely challenges those convictions on the ground that he did not personally obtain the Florida identification card or apply for the passport.  As discussed above, that challenge fails.  Thus, we must affirm the convictions.

reasonable trier of fact" could find that Tovar-Montoya used O.C.'s identity for an unlawful purpose and thus "without lawful authority." *See Jiminez*, 564 F.3d at 1284–85 (internal quotation mark omitted); *Zitron*, 810 F.3d at 1260.

Second, the evidence was sufficient to show that O.C. is an actual person. *See United States v. Gomez-Castro*, 605 F.3d 1245, 1248 (11th Cir. 2010) (acknowledging that, under § 1028A, the Government must prove that the defendant used the identity of a "real person"). The Government introduced into evidence a fingerprint card for O.C. that was created by the Federal Bureau of Investigation. Furthermore, we have found that, "in the context of government-issued identification . . . it is reasonable to conclude . . . that the government routinely obtains an applicant's identity to verify the authenticity of that identity." *See United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (per curiam) (internal quotation marks omitted); *Gomez-Castro*, 605 F.3d at 1249. Accordingly, the State of Florida's issuance of an identification card to Tovar-Montoya based on O.C.'s identifying information provides a reasonable ground for finding that the information was "associated with [a] real [person]." *See Philidor*, 717 F.3d at 885–86.

Finally, the evidence also sufficiently demonstrates that Tovar-Montoya knew that O.C. was an actual person. *See Flores-Figueroa v. United States*, 556 U.S. 646, 657, 129 S. Ct. 1886, 1894 (2009) (holding that "§ 1028A(a)(1) requires

6

the Government to show that the defendant knew that the means of identification at issue belonged to another person"). "A reasonable jury . . . could have found that [Tovar-Montoya]'s willingness to subject [O.C.'s identifying information] repeatedly to government scrutiny established that []he knew, all along, that the [information] belonged to a real person." *See United States v. Holmes*, 595 F.3d 1255, 1258 (11th Cir. 2010) (per curiam). Said differently, "a reasonable jury could have found that [Tovar-Montoya] would not have sought [an identification card and passport] using [O.C.]'s personal information if [Tovar-Montoya] were not confident that" O.C. was a real person. *See id.* This is underscored by the fact that Tovar-Montoya applied for a driver's license or identification card eleven times from 1996 until the time of the offenses at issue, demonstrating that he was aware of the verification procedures associated with the identification card application process.

## III.   CONCLUSION

For the foregoing reasons, the evidence was sufficient to sustain all of Tovar-Montoya's convictions.

**AFFIRMED.**