[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10386
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00018-MW-CAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANZANIA MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 3, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Tanzania Miller appeals her conviction for one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal, Miller contends the trial court erred by denying her request for a special jury instruction requiring the government to prove that she acquired the victims' identities without their consent. She asserts the court's refusal to administer her proposed instruction denied her a cognizable defense because she presented substantial evidence showing she obtained the identification information with the consent of the parties.  Upon review[1] of the record and consideration of the parties' briefs, we affirm.

## I. DISCUSSION

To convict a defendant for aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the government must prove beyond a reasonable doubt that during and in relation to an enumerated felony, the defendant "knowingly transfer[ed], possesse[d], or use[d], without lawful authority, a means of identification of another person shall."  18 U.S.C. § 1028A(a)(1).  Miller asked the court to instruct the jury that to conclude she acted "without lawful authority," it must find either that "the means of identification was used without the person's consent" or, alternatively, that "the defendant knew the alleged victim did not give the defendant permission to use his name."

---

[1] We review a district court's refusal to give a requested jury instruction for abuse of discretion.  *United States v. Klopf*, 423 F.3d 1228, 1241 (11th Cir. 2005).

Without more, Miller's instructions fail accurately to state the law. We recently decided, consistent with other Circuits that have addressed the issue, that consent is not the sole means of showing the defendant lacked lawful authority under 18 U.S.C. § 1028A(a)(1); this element may also be satisfied by demonstrating the defendant used the means of identification for an unlawful purpose. *United States v. Zitron,* 810 F.3d 1253, 1260 (11th Cir. 2016) ("The government established the 'without lawful authority' element in two ways—with testimony from Jordan that Zitron did not have permission to use his identity, and with evidence that Zitron used Jordan's means of identification for an unlawful purpose."); *accord United State v. Otuya*, 720 F.3d 183, 189 (4th Cir. 2013). Since Miller's proposed instruction incorrectly stated the law, the district court did not abuse its discretion in refusing to give it. *See United States v. Yeager*, 331 F.3d 1216, 1222–23 (11th Cir. 2003) ("The failure of a district court to give an appropriate instruction is reversible error where the requested instruction (1) was correct; (2) was not substantially covered by the charge actually given; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." (quotation omitted)).

3

## II. CONCLUSION

Miller's reading of § 1028A(a)(1) is inconsistent with our interpretation of the statute in *Zitron.*  Accordingly, the district court did not abuse its discretion in declining to give her jury instruction.

**AFFIRMED.**