[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10220
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00040-MW-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANGELA LAWSON-BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 11, 2018)

Before WILLIAM PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Tangela Lawson-Brown appeals her convictions and sentences for wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2; theft of government funds in violation of 18 U.S.C. § 641 and 18 U.S.C. § 2; possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) and 18 U.S.C. § 1029(c)(1)(A)(i); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2.  On appeal, Lawson-Brown argues, first, that the district court erred in refusing to give her requested jury instruction concerning the definition of the phrase "without lawful authority" as used in § 1028A(a)(1). Second, she argues that the district court applied a sentencing enhancement based on abusing a position of trust despite insufficient evidence.

## I

We will reverse a district court's refusal to give a requested jury instruction only if "(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *United States v. Rutgerson*, 822 F.3d 1223, 1236 (11th Cir. 2016).

Section 1028A of the United States Code states that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, *without lawful authority*, a means of identification of

2

> another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C.A. § 1028A(a)(1) (emphasis added).

In *United States v. Zitron*, we found that the government had established the "without lawful authority" element of § 1028A(a)(1) in two ways: first, with testimony that the defendant had used the victim's identity without permission; and second, with evidence that the defendant had used the victim's identity for an unlawful purpose. 810 F.3d 1253, 1260 (11th Cir. 2016). In doing so, we joined the majority of our sister circuits, who have likewise held that "without lawful authority" encompasses not just the use of an identity without lawful consent, but also the use of an identity to further an unlawful purpose. *See United States v. Otuya*, 720 F.3d 183, 189 (4th Cir. 2013) ("[W]ith or without permission from its rightful owner, a defendant who uses the means of identification of another 'during and in relation to any felony violation enumerated' in the statute necessarily lacks a form of authorization recognized by law."); *United States v. Reynolds*, 710 F.3d 434, 436 (D.C. Cir. 2013) ("'[U]se[ ] ... without lawful authority' easily encompasses situations in which a defendant gains access to identity information legitimately but then uses it illegitimately . . . ."); *United States v. Lumbard*, 706 F.3d 716, 721–725 (6th Cir. 2013); *United States v. Ozuna-Cabrera*, 663 F.3d 496,

3

498–501 (1st Cir. 2011); *United States v. Retana*, 641 F.3d 272, 274 (8th Cir. 2011).[1]

Lawson-Brown's requested jury instructions would have required the government to prove, in pertinent part, that she "knew either: (a) the person did not consent to the use of his/her means of identification or (b) the use of the means of identification exceeded the scope of any permission given to the Defendant to use the means of identification."  We conclude that the district court did not err in refusing to give Lawson-Brown's requested jury instruction because it did not accurately state the law.  We have already determined that the absence of consent described in Lawson-Brown's requested instruction is not the sole manner by which the government may satisfy the "without lawful authority" element of § 1028A(a)(1).  The requested jury instruction was therefore not "substantively correct," and the district court did not err in refusing it.  *Rutgerson*, 822 F.3d at 1236.

## II

Section 3B1.3 of the Sentencing Guidelines states that a defendant should receive a two-level increase in offense level "[i]f the defendant abused a position

---

[1] *Zitron* was not the first time (or the last) that this Court has construed "without lawful authority" to include the use of a victim's identity for an unlawful purpose.  Although the opinions have not been published, the Court's interpretation has been consistent.  *See United States v. Maldonado*, 2018 WL 1136049 at *833 (11th Cir. 2018); *United States v. Miller*, 677 F. App'x 615, 616–17 (11th Cir. 2017); *United States v. Tovar-Montoya*, 652 F. App'x 882, 883–85 (11th Cir. 2016); *United States v. Joseph*, 567 F. App'x 844, 848–49 (11th Cir. 2014).

of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense."  U.S.S.G. § 3B1.3.  The first application note for § 3B1.3 defines a position of public or private trust as one "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)."  U.S.S.G. § 3B1.3, cmt. n.1.  The second note provides examples of individuals who abuse a position of public or private trust, including "a hospital orderly who exceeds or abuses the authority of his or her position by obtaining or misusing patient identification information from a patient chart."  U.S.S.G. § 3B1.3, cmt. n.2(B).

We review the district court's factual determination that a defendant abused a position of trust for clear error.  The district court's conclusion that Lawson-Brown's conduct justifies the sentencing enhancement is a question of law that we review *de novo*.  *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998).  Lawson-Brown contends that the government did not submit evidence demonstrating that she held a position "characterized by professional or managerial discretion," or, like the hospital orderly in the second application note, that she had reviewed the charts of any of the nursing home residents whose identities were used in the fraudulent tax returns.

Along with jurors' general knowledge that nurses have access to patients' medical charts, and that those charts contain identifying information such as social

5

security numbers used for tax returns, the government presented evidence demonstrating that fraudulent tax returns had been filed using the identities of some nursing home residents within days of their entering the home. The government also presented evidence linking a notebook to Lawson-Brown that contained the information of 105 persons whose identities had been stolen in order to prepare fraudulent tax returns. Twenty-six of these identities belonged to residents of the nursing home where Lawson-Brown worked; 24 were used to file fraudulent tax returns.

We conclude that the district court did not err in applying the sentencing enhancement under § 3B1.3 because there was sufficient circumstantial evidence presented to show, by a preponderance of the evidence, *United States v. Szekely*, 632 F. App'x 546, 547 (11th Cir. 2015), that Lawson-Brown used her position in the nursing home to improperly acquire the identification information of numerous residents. Accordingly, we affirm.

**AFFIRMED.**